IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING** |
| | ) | **MOTION FOR REDUCTION OF** |
| vs. | ) | **SENTENCE** |
| | ) | |
| Duane A. Blackbird, | ) | |
| | ) | |
| Defendant. | ) | Crim. File No. 2:03-cr-28 |
| | ) | |

Before the Court is a motion by Defendant Duane A. Blackbird to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 709 of the Sentencing Guidelines manual. (Doc. #34).

Mr. Blackbird pled guilty to sexual abuse of a child, in violation of 18 U.S.C. § 2241(c) on June 18, 2003. He was sentenced to 120-months imprisonment on August 20, 2003. He filed a motion to modify, vacate, or correct his sentence under 28 U.S.C. § 2255 on August 19, 2004, which was denied by this Court (Doc. #23). Mr. Blackbird attempted to appeal that decision but was denied a certificate of appealability by this Court and the Eighth Circuit Court of Appeals (Docs. #26 and 30). On February 5, 2007, Mr. Blackbird filed a second motion to modify, vacate, or correct (Doc. #31), which was denied by this Court (Doc. #33). The instant motion was filed on February 19, 2008, and seeks again to reduce the sentence imposed.

Pursuant to 18 U.S.C. § 3582, the court may not modify a term of imprisonment once it

1

has been imposed except under certain circumstances, including "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." Here, Mr. Blackbird asks the Court to reconsider his criminal history score following Amendment 709 to the United States Sentencing Guidelines manual.

Mr. Blackbird contends that the criminal history computation employed by the Court at the time of his sentencing essentially resulted in the double-counting of related cases. If scored using the current guidelines, Mr. Blackbird argues he would have been in criminal history Category IV, with a sentencing range of 100-121 months. Even though the 120-month sentence that was imposed by the Court is within the range advocated by Mr. Blackbird, he contends that the sentence should be reduced to reflect this new criminal history calculation. The United States Court of Appeals for the Eighth Circuit was confronted with a similar argument in United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008). In Peters, the court rejected the argument that 709 was to be retroactively applied, stating: "[T]hat amendment is not a covered amendment under [USSG] § 1B1.10(c) to which retroactive treatment may be given." Id. Under these circumstances, Mr. Blackbird's motion must be **DENIED.**

In addition, the Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Dismissal of this motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). Therefore, a certificate of appealability will not be issued by this Court.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2008.

                                                      */s/   Ralph R. Erickson*
                                                  Ralph R. Erickson, District Judge
                                                  United States District Court